OPINION AND JUDGMENT ENTRY
This appeal stems from a judgment of conviction and sentence of the Lucas County Court of Common Pleas following appellant's guilty plea to one count of intimidation of a witness, in violation of R.C. 2921.04(B), and one count of vandalism, in violation of R.C. 2905(B)(2). Appellant has presented one assignment of error for consideration which reads:
 "THE DEFENDANT'S SENTENCES DID NOT COMPORT WITH THE MANDATES OF R.C. §§ 2929.12, 2929.14 AND 2929.19."
The record in this case reveals that on June 21, 1998, in Lucas County, Ohio, appellant was asked to leave an establishment known as the Triangle Bar. Words were exchanged and the bar maid called the police. When they arrived on the scene, appellant was in the back seat of a parked vehicle which he refused to exit. Eventually, appellant exited the vehicle and he was restrained and placed in the police cruiser. While in the cruiser, appellant kicked out the back window. At the Lucas County jail he placed a threatening telephone call to the Triangle Bar, in an attempt to "influence, intimidate or hinder" the bar from filing criminal charges.
Appellant entered guilty pleas on July 29, 1998. On August 26, 1998, as to intimidation of a victim or witness, a third degree felony, appellant was sentenced to a term of imprisonment of four years. He was sentenced to an eleven-month prison term for vandalism, a fifth degree felony. The trial court ordered that the sentences be served consecutively. Appellant then filed the instant appeal.
In support of his sole assignment of error, appellant essentially argues that the trial court failed to follow the sentencing guidelines set forth in R.C. Chapter 2929 when it imposed a term of imprisonment for appellant's conviction of vandalism, in lieu of community control, and imposed consecutive prison terms.
The primary purpose of the felony sentencing statutes are to "protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). To achieve this purpose a sentence shall not demean the seriousness of an offender's conduct and be consistent with the sentences of offenders who have committed similar crimes. R.C. 2929.11(B).
Pursuant to R.C. 2929.12(A), the trial court has discretion in effectuating the principles and purposes of R.C.2929.11(A). However, the court is required to consider the factors set forth in R.C. 2929.12(B) and (C), which relate to the seriousness of the conduct, and those factors set forth in R.C.2929.12(D) and (E), which relate to the likelihood that the offender will commit future crimes. Further, when sentencing an offender for a fifth degree felony, the court shall determine whether any of the factors set forth in R.C. 2929.13(B) apply, including whether the offender has previously served a prison term, R.C. 2929.13(B)(1)(g), and whether he committed another offense while under a previously imposed community control sanction. R.C. 2929.13(B)(1)(h). Finally, if the trial court elects or is required to sentence the offender to a prison term and the offender has not served a prison term, the trial court shall impose the shortest term authorized unless the court specifically finds that the shortest term will demean the seriousness of the offense and not adequately protect the public. R.C. 2929.14(B).
Before imposing consecutive sentences for multiple offenses, the trial court must find:
 "that the consecutive service is necessary to protect the public from future crime or to punish the offender, and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offenders' conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(3).
At appellant's sentencing hearing, the trial court first stressed that appellant has fifty-two criminal convictions. The court then proceeded with the sentencing, stating that the:
 "Court has considered the record in each case, the oral statements, victim impact statement, presentence report prepared, as well as the principles and purpose of sentencing under Revised Code Section 2929.11, and the Court has balanced the seriousness and recidivism factors under Revised Code 2929.12."
As to the vandalism conviction, the court found that "the defendant is not amenable to community control, and that prison is consistent with the purpose of Revised Code Section2929.11." The trial court further found that appellant has served a previous prison term and that on the date of the offenses, he was under community control. The court made such findings pursuant to R.C. 2929.13(B).
The trial court further ordered, pursuant to R.C.2929.14(E), "that each of the sentences be served consecutively to one another." At the hearing, the trial court did not specifically give facts which would support its finding. However, in the judgment entry, the trial court stated:
 "To fulfill the purposes of R.C. 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses and the Court FURTHER FINDS: defendant's criminal history requires consecutive sentences."
Based upon the foregoing, we find that the trial court did make the necessary factual findings to support the term of imprisonment for vandalism and the imposition of consecutive sentences. Appellant's sole assignment of error is not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J.,Mark L. Pietrykowski, J., concur.